IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREEM GEORGE**, | : | CIVIL ACTION NO. 1:20-CV-647 |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **MARK GARMAN**, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Kareem George, a state prisoner presently confined at the State Correctional Institution at Rockview in Bellefonte, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking to challenge the execution of his state court sentence. (Doc. 1.) Specifically, petitioner asserts that his state court sentence should run concurrently with his state parole back time sentence. (See id.)

At this time, the court will review the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases, made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. See also 28 U.S.C. § 2243. Under Rule 4, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." For the reasons expressed below, the court will summarily dismiss the petition.

## I.   Factual Background

On August 27, 2007, petitioner pled guilty pursuant to a plea agreement to one count of third degree murder as well as related charges resulting from an altercation outside of a Harrisburg nightclub on December 20, 2002.  (Doc. 1). During the altercation, petitioner discharged a handgun, and he hit and killed one of the participants in the altercation.  (Id. at 21).  As part of the plea agreement, the prosecution and petitioner agreed to a term of imprisonment of fifteen to thirty years, with the terms of imprisonment for the lesser offenses to be concurrent to the prison term for the murder charge.  (Id. at 18).  That sentence was imposed on the same day that he pled guilty.

Petitioner was on parole at the time of the shooting, and thus also faced a parole violation and back time.  (Id. at 19-20).  During the guilty plea hearing and sentencing, all parties and the court discussed at length how his sentence would run with any further term of imprisonment imposed by the Parole Board.  (Id. at 19-20, 24-25).  Separate from the plea agreement, all parties agreed that his current term of imprisonment should run concurrently with any term of imprisonment imposed by the Parole Board, with the court noting that it was unclear whether it had the authority to do so, but that it would make the request:

> THE COURT:  Mr. George, I just want to be crystal clear, to the extent that I can make it concurrent with your technical violations I would do that.  But I'm not even so sure I can do that.  I just want to be clear with you that that may not happen.  Do you understand?
>
> THE DEFENDANT:  (Nods head.)
>
> THE COURT:  I'm recommending it.  I'm stating that for the record. But that can be ignored by the Parole Board.  Do you understand that?

>    THE DEFENDANT:  Yes.
>
>    . . .
>
>    THE COURT:  The plea agreement is the 15 to 30 years on the third degree murder, all the rest are concurrent.  The issue with whether he gets credit or not on the underlying parole technical or the ultimate parole hit on the back time, that's not part of the plea agreement, that if the Parole Board does not give you credit, that's not a condition of the plea agreement?
>
>    MR. WALK:[1]  Right.  We would note that you're going to.
>
>    THE COURT:  I'm asking for it but I just want to make sure that portion --
>
>    MR. WALK:  Correct.
>
>    THE COURT:  That's why I don't know and I don't want that to be part of this, even though I'm going to do what you ask.  That's not a condition of the plea agreement.
>
>    MR. WALK:  Right.  We understand that.

(Id. at 20, 24-25).  It appears that petitioner did not file a direct appeal of his convictions or sentences.

Petitioner was eventually sentenced to an additional term of imprisonment by the Parole Board due to his violation.  (Id. at 2).  That sentence, however, was deemed to run consecutively to his sentence for the charge of murder, and not concurrently as the court, prosecution, and defense had suggested during his sentencing.  (See id.)

On August 21, 2008, petitioner filed a Post-Conviction Relief Act petition in the Dauphin County Court of Common Pleas, raising ineffective assistance of counsel.  See George v. Lamas, No. 1:11-CV-1462, Doc. 1 at 3 (M.D. Pa. Aug. 10,

---

[1] Counsel for the defendant.

3

2011) (§ 2254 habeas petition). Petitioner was unsuccessful in obtaining PCRA relief, which concluded when the Supreme Court of Pennsylvania denied his petition for allowance of appeal on November 7, 2011. See id., Doc. 8 at 5 (brief in support of § 2254 habeas petition). It is unclear whether, at the time he filed the PCRA petition or during those proceedings, he had received that additional term of imprisonment from the Parole Board due to his violation.

Petitioner continued his attempts to seek collateral relief by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in this court on August 10, 2011. See id., Doc. 1. In it, petitioner challenges his PCRA proceedings and the effectiveness of his trial counsel. See id. at 5-6. It is clear that by this point, he had received an additional, consecutive sentence from the Parole Board for his parole violation, because he raises that as an additional ground for relief in his memorandum filed in support his petition. See id., Doc. 8 at 23-24. Prior to evaluating the petition, the court advised petitioner of the limitations on bringing more than one § 2254 petition, and petitioner acknowledged those limitations and elected to proceed on his § 2254 petition as filed. See id., Doc. 5 (administrative order), Doc. 10 (notice of election). The court eventually denied the petition, finding that his guilty plea was in conformance with constitutional standards and noting that his sentencing judge made clear that he could only make a recommendation that his sentences should run concurrently to the Parole Board. See id., Doc. 22 at 30. Petitioner sought to appeal the denial of his § 2254 petition, however the Court

of Appeals for the Third Circuit denied his request for a certificate of appealability. See id., Doc. 26.

After his first foray in federal court, petitioner returned to state court to file a second PCRA petition, alleging that he had not received the benefit of the agreed upon plea bargain.  (See Doc. 1 at 2).  His second PCRA petition was denied, and that denial was upheld on appeal by the Superior Court by order dated April 3, 2020.  (See id. at 3).

Most recently, petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, again raising the issue of consecutive versus concurrent sentences, and requests that this court order the Dauphin County Court of Common Pleas to resentence him in accordance with his plea agreement, which he contends mandates concurrent sentences.  (See id. at 6-7).

## II.     Discussion

Petitioner has brought his claims pursuant to 28 U.S.C. § 2241.  Section 2241 confers jurisdiction on district courts to issue a writ of habeas corpus in response to a petition from a prisoner who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  Section 2254 confers jurisdiction on district courts to issue "writs of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  In Coady v. Vaughn, 251 F.3d 480 (3d Cir. 2001), the Third Circuit

held that a convicted state prisoner must bring his habeas claims pursuant to § 2254 and not § 2241. Id. at 484-85.

Petitioner's reliance on § 2241 is misplaced in this case. He must proceed with his claim under § 2254 because he is challenging the execution of his state sentences. See Washington v. Sobina, 509 F.3d 613, 618 n.5 (3d Cir. 2007) ("We have held that a state prisoner challenging the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 rather than § 2241."); DeVaughn v. Dodrill, 145 F. App'x 392, 394 (3d Cir. 2005) (nonprecedential) ("A prisoner challenging either the validity or execution of his state court sentence must rely on the more specific provisions of § 2254 and may not proceed under § 2241.").

Notably, the court is without jurisdiction to construe his § 2241 petition as one arising under § 2254 due to petitioner's prior § 2254 petition. Under 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Petitioner has neither sought nor obtained an order from the Third Circuit authorizing this petition. When a petitioner does not have that authorization from the Third Circuit, § 2244 "deprive[s] the District Court of subject matter jurisdiction to hear" the successive habeas claims. Benchoff v. Colleran, 404 F.3d 812, 820 (3d Cir. 2005).

Accordingly, the habeas petition will be summarily dismissed.

### III. Conclusion

Because petitioner's habeas claims are not cognizable in a petition brought pursuant to § 2241 and he has previously filed a § 2254 petition, the court will summarily dismiss the petition.

A separate order follows.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner
United States District Judge
Middle District of Pennsylvania

Dated:   July 30, 2020